United States District Court
Southern District of Texas
**ENTERED**
December 02, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| GARY WAYNE MCGRUDER, TDCJ #2251586, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:20-2923 |
| BOBBY LUMKPIN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## <u>MEMORANDUM AND ORDER</u>

State inmate Gary Wayne McGruder (TDCJ #2251586) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. # 1], seeking relief from a parole revocation proceeding that took place in 2017.[1]  After considering all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be dismissed for the reasons explained below.

---

[1] The petition also seeks relief from a felony conviction and a prison disciplinary conviction. Pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, which states that a petitioner who challenges separate judgments must file separate petitions, the claims involving those proceedings are not addressed here and have been severed into the following separate actions: Civil No. H-20-2368 (the felony conviction); and Civil No. H-20-2924 (the prison disciplinary conviction). *See* Order dated Aug. 20, 2020 [Doc. # 4].

## I.      BACKGROUND

Court records reflect that McGruder is currently incarcerated in the Texas Department of Criminal Justice ("TDCJ") as the result of a 2019 felony conviction for burglary of a habitation.  *See McGruder v. State*, No. 10-19-00064-CR, 2020 WL 373224 (Tex. App. — Waco Jan. 22, 2020, pet. ref'd).  McGruder received a 45-year prison sentence in that case, which was entered against him in Brazos County Cause No. 17-04501-CRF-85.  *See id.*  Prison records reflect that McGruder also has at least three other prior felony convictions for burglary of a habitation from Brazos County that were entered against him in 1993, 1997, and 2007.[2]

In a petition that was executed on July 17, 2020, McGruder now challenges a parole revocation that occurred on September 18, 2017.[3]  The petition must be dismissed because it is barred by the governing one-year statute of limitations on federal habeas corpus review.

## II.      THE ONE-YEAR STATUTE OF LIMITATIONS

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which

---

[2] *See* TDCJ Offender Information at https://offender.tdcj.texas.gov/OffenderSearch (last visited Nov. 30, 2020.

[3] Petition, Doc. # 1, at 5, 10.  For purposes of identification, all page numbers reference the pagination for each docket entry imprinted by the Court's electronic filing system, CM/ECF.

provides that all federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Because the petitioner challenges a parole revocation proceeding, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  In other words, the one-year statute of limitations began to run on the date McGruder's parole was revoked.  *See Sanford v. Thaler*, 481 F. App'x 202, 203, 2012 WL 2937467, at *1 (5th Cir. 2012) (per curiam) (citations omitted).

As noted above, McGruder executed his federal habeas corpus petition on July 17, 2020, which is nearly three years after from the date that his parole was revoked on September 18, 2017.  As a result, the petition is untimely and barred from federal review unless an exception applies to toll the limitations period.

A habeas petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which excludes from the AEDPA limitations period a "properly filed application for [s]tate post-conviction or other collateral review."  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  McGruder concedes, however, that he did not file any type of appeal or other petition to challenge his parole revocation.[4]  Accordingly, he is not entitled to any statutory tolling under § 2244(d)(2).

---

[4] Petition, Doc. # 1, at 5.

On October 16, 2020, the Court issued an Order for More Definite Statement, asking McGruder to provide additional details about his claims and giving him an opportunity to explain why his petition should not be barred by the one-year statute of limitations, which was set forth in the form petition that he submitted.[5]  McGruder has not filed a response and his time to do so has expired.  His pleadings do not otherwise establish any other basis for statutory or equitable tolling.

Although McGruder represents himself, neither a prisoner's status as an indigent inmate without legal training nor his ignorance of the law excuse the failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).  Because McGruder has not provided any basis for tolling the statute of limitations, the Court concludes that this action must be dismissed as untimely filed.

---

[5] Order for More Definite Statement, Doc. # 6,  at 3;  Petition, Doc. # 1, at 11 (setting out the statute of limitations found in 28 U.S.C. § 2244(d) in full and asking the petitioner to explain why, if his parole revocation was entered more than one year ago, his petition was not barred).

## III.   CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its procedural ruling debatable or wrong.  Therefore, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.  The petition for a writ of habeas corpus filed by Gary Wayne McGruder to challenge the 2017 revocation of his parole is **DENIED** and this case is **DISMISSED with prejudice**.

2.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on <u>December 2</u>, 2020.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE